NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GRIGORII SPELCHUK; KSENIIA SPELCHUK; NIKITA SPELCHUK; EMILIA SPELCHUK,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6204

Agency Nos.
A244-055-768
A244-055-766
A244-055-767
A244-055-769

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Grigorii Spelchuk ("Spelchuk"), along with his wife, Emilia

Spelchuk, and their two minor children, Kseniia Spelchuk and Nikita Spelchuk,

petition for review of a decision by the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal from an order of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When, as here, the BIA incorporates the IJ's findings by citing *Burbano* and adds its own reasoning, we review both decisions. *See Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023); *see Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). We review the Agency's legal determinations de novo and its factual determinations for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

1.    Substantial evidence supports the BIA's determination that the harm Spelchuk experienced in Russia did not amount to past persecution. Although Spelchuk was detained by Russian officers on four occasions and ridiculed for being ethnically Moldovan, persecution requires "something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citation omitted). Spelchuk's encounter with officers in March 2022, during which officers threatened to "fix" his "attitude and brains" if he did not remove his "for peace" signs, also does not constitute past persecution. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution.").

2.      Substantial evidence supports the BIA's determination that Spelchuk did not demonstrate that his fear of future persecution upon returning to Russia is objectively reasonable. The record does not show that Russian authorities have a "continuing interest" in Spelchuk because of his political opinion. *Sharma*, 9 F.4th at 1065. Spelchuk remained in Russia for over a year after the flower-stand event without further incident. Because Spelchuk failed to meet the lesser burden of establishing his eligibility for asylum,[1] he necessarily failed to meet the greater burden for obtaining withholding of removal. *See Villegas Sanchez*, 990 F.3d at 1183.

3.      Substantial evidence supports the BIA's determination that Spelchuk is not eligible for CAT relief. To qualify for CAT protection, a petitioner must show it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Spelchuk's CAT claim turns on a series of suppositions—that the Russian government is still interested in him because of his prior detentions or the flower-stand incident; that the government would detain him if he returned to Russia; and that the government would torture him while he was detained. But Spelchuk has not shown "that any step in this hypothetical chain of events is more likely than not to happen, let alone

---

[1] The derivative asylum claims of Petitioners Emilia Spelchuk, Kseniia Spelcuk, and Nikita Spelchuk fail for the same reasons.

that the entire chain will come together to result in the probability of torture."

*Medina-Rodriguez v. Barr*, 979 F.3d 738, 751 (9th Cir. 2020) (citation omitted).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.